IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| **ALI BEHROZ AZIZ, et al.** | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 8:22-cv-02834-BAH |
| **BEZHAN AZIZ,** | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendant, Bezhan Aziz ("Defendant"), by and through his counsel, Jonathan P. Kagan, Meagan C. Borgerson, Veronia J. Mina, and Kagan Stern Marinello & Beard, LLC, files this Motion to Enforce Settlement Agreement and, in support, states as follows:

1. Filed simultaneously herewith is Defendant's Opposition to Plaintiffs' Motion to Reopen Case and Nullify Settlement Agreement ("Opposition"). Defendant incorporates and adopts herein the Opposition Memorandum and all attached exhibits.[1]

2. On July 23, 2024, Plaintiffs executed the Confidential Settlement Agreement and Mutual General Release ("Settlement Agreement") and both signatures were witnessed by a third party, Finn Maximilian Franzen. *See* Opp'n., Exhibit B-1 (Confidential Settlement Agreement and Mutual General Release and Amendment to Confidential Settlement Agreement and Mutual General Release).

---

[1] The Settlement Agreement is confidential and thus, Defendant's Opposition and appended exhibits are filed under seal, along with Defendant's Motion to Seal, filed simultaneous herewith.

3. On July 30, 2024, Defendant countersigned the Settlement Agreement. That same date, all parties executed an Amendment to Confidential Settlement Agreement and Mutual General Release ("Amendment"), which clarified the scope of the release language to include a release of claims against the parties' family members, Arash Aziz and Nasir Ahmad Aziz.

4. All parties were represented by counsel for the duration of the case and in all matters concerning the Settlement Agreement and Amendment, which was finalized after several months working through United States Magistrate Judge Gina L. Simms ("Judge Simms"), who was assigned this case for the purposes of settlement.[2] At all times during the lawsuit and all settlement negotiations, Plaintiffs were located in Germany and Defendant and all counsel were located in the United States.

5. The settlement was consummated on August 5, 2024, when Defendant's law firm (on behalf of Defendant) wired to Plaintiffs' counsel the total Settlement Amount as set forth in the Settlement Agreement. On August 7, 2024, undersigned counsel (Jonathan Kagan) spoke with counsel for Plaintiffs, William Heyman and Dan Snellings, by telephone. Counsel for Plaintiffs confirmed that they abided by their ethical and professional obligations to their clients and that Plaintiffs' counsel would testify that the Settlement Agreement is valid and binding. *See* Opp'n., Exhibit B-2 (Email from J. Kagan to W. Heyman and D. Snellings confirming telephone conversation). Mr. Heyman also verbally confirmed to Defendant's counsel that the wire was received by him on August 5, 2024, and that the Settlement Amount (less any fees owed to Mr. Heyman's firm) was then wired to Plaintiffs prior to the August 7, 2024 telephone call between

---

[2] On August 15, 2024, Plaintiffs' counsel, William S. Heyman ("Mr. Heyman") filed his Motion for Leave to Withdraw as Counsel (ECF No. 39), stating that his client e-mailed Judge Simms, and all counsel, concerning the Settlement Order, and that "irreconcilable differences exist between undersigned counsel and Plaintiffs which require termination of the representation." (ECF No. 39, ¶¶ 3-4).

counsel. Mr. Heyman confirmed that he no longer has any of the Settlement Amount in his escrow account. The Settlement Amount has not been returned to Defendant or Defendant's counsel. *Id.*

6. Following those conferences and communications, during which all Parties were represented by counsel, the Parties agreed to terms to resolve this matter and to dismiss the lawsuit with prejudice within ten (10) days of the receipt of the settlement payment as set forth in the Settlement Agreement. *See* Opp'n., Exhibit B-1 at ¶ 5. On August 5, 2024, the law firm representing Defendant (Kagan Stern) wired to Plaintiffs' counsel the total Settlement Amount as set forth in the Settlement Agreement. *See* Opp'n., Exhibit B at ¶ 5.

7. The Parties then notified the Court that a settlement of this matter was reached and on August 5, 2024, the Court entered a Settlement Order that dismissed without prejudice the instant action. *See* ECF No. 37. That Order further stated that it was "without prejudice to the right of a party to move for good cause within thirty (30) days to reopen this action if settlement is not consummated." *Id.* Plaintiffs have not filed a stipulation of dismissal with prejudice as required by the Settlement Agreement despite receipt of the settlement funds.

8. In *Turner v. Archer W. Contractors, LLC*, Civil Action No. ELH-17-2228, 2019 U.S. Dist. LEXIS 103082 (D. Md. June 19, 2019), this Court (the Honorable United States District Judge Ellen Lipton Hollander), reviewed the standard for a motion to enforce settlement agreements in a case involving a *pro se* plaintiff. In that case, defendant sought to enforce a settlement agreement against plaintiff. The Court granted defendant's motion. The Court reviewed the standard and stated:

> A district court has "inherent authority deriving from [its] equity power, to enforce settlement agreements." *Hensley v. Alcon Labs, Inc.*, 277 F.3d 535, 540 (4th Cir. 2002); see *Williams v. Prof'l Transp., Inc.*, 388 F.3d 127, 131-32 (4th Cir. 2004). However, "[i]f there is a factual dispute over the existence of an agreement . . . or over the agreement's terms, the district court may not enforce a

> settlement agreement summarily." *Hensley*, 277 F.3d at 541 (emphasis in original). Rather, "when such factual disputes arise, the court must 'conduct a plenary evidentiary hearing in order to resolve that dispute' and make findings on the issues in dispute." Id. (citing *Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981).
>
> A "'court must first ascertain whether the parties have in fact agreed to settle, and then discern the terms of that settlement.'" *Copeland v. Dapkute*, PWG-17-cv-1566, 2018 U.S. Dist. LEXIS 185356, 2018 WL 5619672, at *4 (D. Md. Oct. 30, 2018) (quoting *Power Servs., Inc. v. MCI Constructors, Inc.*, 36 F. App'x 123, 125 (4th Cir. 2002) (per curiam)) (internal citation omitted).
>
> In *Swift v. Frontier Airlines, Inc.*, 636 F. App'x 153 (4th Cir. 2016) (per curiam), the Fourth Circuit outlined a district court's obligations for reviewing a motion to enforce a settlement agreement. It said, *id.* at 156:
>
>> If there is a <u>substantial factual dispute</u> over either the agreement's existence or its terms, then the district court must hold an evidentiary hearing. <u>If, however, a settlement agreement exists and its terms and conditions can be determined, as long as the excuse for nonperformance is comparatively unsubstantial, the court may enforce the agreement summarily.</u>
>
> See also *Copeland*, 2018 U.S. Dist. LEXIS 185356, 2018 WL 5619672, at *4 n.5

*Turner*, 2019 U.S. Dist. LEXIS 103082, at *10-11.

9. The Parties reached a written Settlement Agreement and Amendment executed by all Parties and the Defendant paid the settlement funds to Plaintiffs per the Agreement. A settlement clearly exists and there is no dispute regarding any terms and conditions which are clearly set forth in the settlement documents. Plaintiffs (*Pro Se*) have moved to reopen the case and nullify the Settlement Agreement, based on vague and general allegations of duress, fraud, coercion, and undue influence. *See* ECF No. 54. Plaintiffs' allegations were never raised with Defendant or Defendant's counsel until after Plaintiffs received the settlement funds which they have not returned.

4

10. As fully set forth in the Opposition, the Court should find that the Settlement Agreement and Amendment are binding, and grant Defendant's Motion to enforce the Settlement Agreement and Amendment entered into by the Parties on July 30, 2024.

11. Further, pursuant to Section 13 of the Settlement Agreement, the Parties agreed that, "[i]n the event of any breach of this Agreement and action taken to enforce this Agreement, or any claim arising out of, or relating to or involving this Agreement in any way, the prevailing party shall be entitled to an award of its reasonable attorneys' fees and costs incurred in connection with such an action, including non-taxable costs and legal expenses." *See* Opp'n., Exhibit B-1 at ¶ 13. As such, Defendant seeks his reasonable attorneys' fees incurred in the enforcement of the Settlement Agreement and Amendment.

WHEREFORE, for the foregoing reasons, Defendant Bezhan Aziz seeks this Honorable Court enter an Order:

A. Denying Plaintiffs' Motion to Reopen Case and Nullify Settlement Agreement;

B. Granting Defendant's Motion to Enforce Settlement Agreement;

C. Awarding Defendant's reasonable attorneys' fees incurred in connection with the enforcement of the Settlement Agreement and Amendment;

D. That the Settlement Agreement and Amendment entered into by the Parties on July 30, 2024 are valid and enforceable;

E. Dismissing this case with prejudice; and

F. Granting such further relief as the Court deems necessary and proper.

Date: September 26, 2024                    Respectfully submitted,

                                                           /s/ *Jonathan P. Kagan*
                                       Jonathan P. Kagan, D. Md. Bar No. 23181
                                       kagan@kaganstern.com

                           /s/ *Meagan C. Borgerson*
Meagan C. Borgerson, D. Md. Bar No. 13686
borgerson@kaganstern.com

                           /s/ *Veronica J. Mina*
Veronica J. Mina, D. Md. Bar No. 30472
mina@kaganstern.com

Kagan Stern Marinello & Beard, LLC
238 West Street
Annapolis, MD 21401
Telephone:   (410) 216-7900
Fax:         (410) 705-0836

*Counsel for Defendant, Bezhan Aziz*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of September, 2024, a copy of the foregoing was filed electronically via the CM/ECF filing system and sent by email, to:

        Ali Behroz Aziz
        Shinkay Aziz
        Mühling Str. 12
        69121 Heidelberg, Germany
        0049-152-428-387-78
        alibehrozaziz@gmail.com
        shinkay.aziz@gmail.com

*Plaintiffs, Pro Se*

                           /s/ *Veronica J. Mina*
Veronica J. Mina, D. Md. Bar No. 30472